**Laurence Duane LANG, Petitioner—Appellant,**

v.

**Anthony P. KANE, Warden, Respondent—Appellee.**

No. 05–56092.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.[*]

Filed June 15, 2007.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Laurence Duane Lang, Soledad, CA, pro se.

Heather L. Bushman, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

California state prisoner Laurence Duane Lang appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's decision to deny a § 2254 petition, *Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1126 (9th Cir.2006), and we affirm.

Lang contends that the California Board of Prison Terms' (the "Board") decision to deny him parole violated due process because the Board improperly relied on a finding that Lang's parole plans were inadequate. However, the Board "can consider all relevant information"

---

** This disposition is not appropriate for publication and is not precedent except as provid-

when determining suitability for parole, *see Biggs v. Terhune,* 334 F.3d 910, 915 (9th Cir.2003), and we conclude that the Board's finding that Lang's parole plans were inadequate was "supported by some evidence in the record," *see Sass,* 461 F.3d at 1128–29. We also reject Lang's contention that the district court erred in not directing the Board to explore his residential plans in Illinois, because such a claim based upon state law is not cognizable on habeas review. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Accordingly, the state court's decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Superintendent v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

**AFFIRMED.**